**Sajid IQBAL, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–73095.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 28, 2009.

Alan Hutchison, Esq., Reno, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Sajid Iqbal, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing "whether substantial evidence supports a finding by clear and convincing evidence" that petitioner is removable, *Nakamoto v. Ashcroft,* 363 F.3d 874, 881–82 (9th Cir. 2004), we deny the petition for review.

Substantial evidence supports the BIA's conclusion that Iqbal entered his marriage for the purpose of procuring an immigration benefit. Substantial evidence supports the BIA's determination that Iqbal's former wife was a credible witness. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir. 2002). Iqbal's former wife testified that the marriage was a result of coercion, that they never lived together or consummated the marriage, and that she was unaware of the immigrant visa petition allegedly filed by her for Iqbal's benefit. *See Nakamoto,* 363 F.3d at 882–83 (relevant inquiry is whether parties intended to establish a life together at the time of marriage).

Petitioner's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.